THE STRONG MANUFACTURING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 95626. Promulgated May 29, 1940.

*Arthur Morgan, Esq., Raymond S. Powers, Esq.,* and *Sidney J. Collins, C. P. A.,* for the petitioner.

*DeWitt M. Evans, Esq., Paul A. Sebastian, Esq.,* and *Stanley B. Pierson, Esq.,* for the respondent.

1274

1276

## OPINION.

OPPER: The present issue calls for the application to the foregoing facts of the provisions of section 26 (c) (2) of Revenue Act of 1936[1] entitling a corporation to a "credit" against the "undistributed profits tax" if it complies with certain requirements.

On this record, compliance with these conditions is questionable only in one respect. There was a written contract executed prior to May 1, 1936, containing a provision expressly dealing with the disposition of earnings and profits for the taxable year. The credit claimed is for an amount equal to the portion of such earnings and profits required to be paid in discharge of a debt, and this amount was paid in the taxable year. The sole remaining condition is that such portion of the earnings and profits be required by the contract to be paid or irrevocably set aside within the taxable year. We are of the opinion that the "application" to the indebtedness of the designated portion of the earnings may, for present purposes, be considered to be called for by the contract "as of" the taxable year, *Michigan Silica Co.*, 41 B. T. A. 511, 515, and therefore to constitute the irrevocable setting aside contemplated by the statute. The credit should have been allowed and respondent's determination to the contrary is overruled.

Repair and replacement expenses may be deducted as stipulated.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

---

[1] SEC. 26. CREDITS OF CORPORATIONS.

In the case of a corporation the following credits shall be allowed to the extent provided in the various sections imposing tax—

\* \* \* \* \* \* \*

(c) CONTRACTS RESTRICTING PAYMENT OF DIVIDENDS.—

\* \* \* \* \* \* \*

(2) DISPOSITION OF PROFITS OF TAXABLE YEAR.—An amount equal to the portion of the earnings and profits of the taxable year which is required (by a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the disposition of earnings and profits of the taxable year) to be paid within the taxable year in discharge of a debt, or to be irrevocably set aside within the taxable year for the discharge of a debt; to the extent that such amount has been so paid or set aside. For the purposes of this paragraph, a requirement to pay or set aside an amount equal to a percentage of earnings and profits shall be considered a requirement to pay or set aside such percentage of earnings and profits. As used in this paragraph, the word "debt" does not include a debt incurred after April 30, 1936.

## 1278

BLACK, dissenting: I can readily agree that from the standpoint of reason and logic there would seem just as good reason for Congress to grant a credit in determining surtax on undistributed profits to a corporation situated as was the petitioner in the instant case as there was to other corporations which had contracts of indebtedness which come more precisely within the terms of the statute (sec. 26 (c) (2), 1936 Act). But it is the precise statute which we have to construe and I do not see how it can be so broadly construed as to admit a credit to petitioner under the facts as they have been found.

The statute in question, which has been set out in the majority opinion, seems to provide four things as conditions precedent to securing the credit. These are:

(1) There must exist a written contract executed by the corporation prior to May 1, 1936. Here there was a written contract executed prior to May 1, 1936, and so that condition is fulfilled.

(2) This contract must deal with the earnings and profits of the taxable year. The contract in question does deal with 40 percent of the net earnings of petitioner for the taxable year, so that condition is met.

(3) The contract must *require* the payment or the irrevocable setting aside of the earnings in question *during* the taxable year for the discharge of the debt in question. In the instant case it is plain that the contract does not require that the 40 percent of the net earnings be paid on the indebtedness *during* the taxable year. On the contrary, petitioner was granted until April 15 of the following year in which to make payment. So it seems clear to me that, in so far as payment is concerned, the contract in question does not meet the terms of the statute. But the statute grants the credit if there is a requirement in the contract that the portion of earnings in question be *"irrevocably set aside"* during the taxable year for the discharge of the debt. I see nothing in the contract which required the taxpayer to irrevocably set aside any of its earnings of 1936 prior to the granted time of payment which was April 15, 1937. So, in the view I take, one of the conditions precedent is not met. I can not take the view expressed in the majority opinion that when the statute says that the contract must *require* either payment or irrevocable setting aside of earnings *within* the taxable year it means "as of" the taxable year. I see no warrant for such construction.

(4) The credit granted, when all conditions have been fulfilled, is the amount which "has been so paid or set aside." In the instant case there has been a payment all right on the indebtedness to the full extent of the credit claimed, but, as I view it, in the absence of a requirement in the contract that these earnings be paid or irrevocably set aside in 1936, their actual payment in 1936 becomes immaterial.

Congress in the Revenue Act of 1938 wrote a provision which seems to be broad enough to permit a credit under the facts and circumstances of the instant case. See sec. 27 (a) (4), Revenue Act of 1938. This section, however, has no retroactive application and, for reasons which I have already stated, I do not believe that the credit which petitioner claims can be granted under the terms of the 1936 Act. I think the Commissioner should be sustained and I, therefore, respectfully dissent from the majority opinion.

MELLOTT and KERN agree with this dissent.